IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CATHY A. BOWMAN, *et al.*,          *

     Plaintiffs,          *

v.          *          Civil Action No.: RDB-06-1585

RENE ALFONSO HUEZO, *et al.*,          *

     Defendants.          *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM OPINION**

This action arises from a tragic automobile accident that took the life of Dreu T. Bowman

when his car was struck by a delivery truck.  Plaintiffs Cathy Bowman, both individually and as

Personal Representative of the Estate of Dreu T. Bowman, and Anthony Bowman ("Plaintiffs")

filed a lawsuit in this Court against Defendants Rene Huezo ("Huezo"), Oscar Rivera ("Rivera"),

A-Plus Delivery Services ("A-Plus"), Northeast Agencies, Inc. ("Northeast"), Vinay Narang

("Narang"), Allstate Insurance Company ("Allstate"), and American Signatures, Inc. and

Schottenstein Stores Corp. (collectively "Value City") alleging multiple counts of negligence

and other tortious conduct.   This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1]

---

[1] Plaintiffs are citizens of the State of Maryland.  It is alleged that Huezo, Rivera, and Narang are citizens of the State of Virginia.  A-Plus is a corporation organized under the laws of the State of Virginia, with its principal place of business in Virginia.  Northeast is a corporation organized under the laws of the State of New York, with its principal place of business in New York.  American Signatures, Inc. is a corporation organized under the laws of the State of Ohio, with its principal place of business in Ohio.  Schottenstein Stores Corp. is a corporation organized under the laws of the State of Delaware, with its principal place of business in Ohio. Allstate is a corporation organized under the laws of the State of Illinois, with its principal place of business in Illinois.

Among the four motions currently pending before this Court is Value City's Motion to Dismiss

(Paper No. 48) Counts I, II, and III in which Plaintiffs allege, *inter alia*, that Value City

negligently hired and supervised Huezo, the delivery truck driver, and A-Plus, the trucking

company, causing the death of Mr. Bowman.  The parties' submissions have been reviewed and

no hearing is necessary.[2]  *See* Local Rule 105.6 (D. Md. 2004).  For the reasons stated below,

Value City's Motion to Dismiss is DENIED.

## BACKGROUND

On October 8, 2005, Dreu Bowman, husband of Cathy Bowman and father of Anthony

Bowman, was killed when his vehicle was struck by a delivery truck ("the truck") driven by

Rene Huezo and owned by Oscar Rivera.  At the time of the collision, the truck was engaged in

making deliveries of furniture for Value City which had contracted with A-Plus, an interstate

motor carrier that leased the truck from Rivera.

On June 20, 2006, Cathy and Anthony Bowman filed a lawsuit in this Court under

Maryland's wrongful death statute, Md. Code Ann., Cts. & Jud. Proc. § 3-902, alleging claims of

negligence against Huezo,[3] Rivera, and A-Plus.  Subsequently, they filed an Amended Complaint

(Paper No. 39) on May 30, 2007, adding Narang, Northeast, and Value City as Defendants.[4]  A

---

[2] Despite Value City's request for a hearing in its Motion to Dismiss, in a conference call on November 30, 2007, counsel for Plaintiffs and Value City agreed no hearing was necessary.

[3] Defendant Huezo failed to file an Answer and an Order Granting Plaintiffs' Motion for Default Judgment (Paper No. 34) against him was entered on December 3, 2007.  (Paper No. 72).

[4] In addition, although irrelevant to the instant motion, Northeast was allegedly the insurance agent and/or broker helping A-Plus obtain commercial automobile liability insurance policies.  (Second Am. Compl. ¶ 6 [hereinafter "Compl."].)  Allstate was allegedly the insurance company whose agent, Narang, worked with Northeast to extend coverage to A-Plus.  (*Id*. ¶¶ 7, 10.)

Second Amended Complaint ("Complaint") (Paper No. 67) was filed on October 30, 2007

adding Allstate as a Defendant.

The Complaint contains a total of six counts.  Count I alleges that Value City, A-Plus,

Rivera, and Huezo are all jointly and severally liable for Huezo's negligent conduct in causing

the collision.  Count II is against Value City for negligence in hiring and retaining A-Plus to

assist in Value City's furniture deliveries.  Count III is against Value City, A-Plus, and Rivera

for negligent hiring and supervision of Huezo.  Count IV is against Rivera for negligent

entrustment of the truck to Huezo.  Count V is against Narang, Northeast, and Allstate in their

individual roles as insurance brokers and agents, for negligently failing  to obtain an adequate

insurance policy for A-Plus, allegedly resulting in economic loss to Plaintiffs.  Count VI is also

against Narang, Northeast, and Allstate for breach of contract, alleging that Plaintiffs were third

party beneficiaries to the insurance policy at issue in Count V.

On July 11, 2007, American Signature, Inc. and Schottenstein Stores Corp. ("Value

City") filed the subject Motion to Dismiss Counts I, II, and III against them pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure.  (Paper No. 48.)  Plaintiffs allege in Count I

that Value City was negligent under a common law theory of *respondeat superior* for the tortious

conduct of Huezo, who was acting within the scope of his employment as Value City's "agent,

servant, and employee" when he collided with Dreu Bowman's vehicle.[5]  (Compl. ¶¶ 28-29, 32.)

In Count II, Plaintiffs allege negligent hiring on the part of Value City for contracting with A-

Plus to deliver Value City furniture despite the fact that A-Plus was not registered as an

---

[5] Plaintiffs further cite 49 U.S.C. § 14102 in arguing that Value City legally had control of the truck and is legally responsible for the negligent acts of the truck's driver, Huezo.  This argument need not be decided in order to rule on the Value City's Motion to Dismiss.

interstate motor carrier and lacked the minimum insurance coverage required under federal law.

(Compl. ¶¶ 41, 43-44.)  Plaintiffs contend that but for this negligent hiring, the collision would

not have occurred.  Finally, Count III alleges a claim against Value City for the negligent hiring,

retention, and supervision of Huezo.  (Compl. ¶¶ 51, 53.)

On July 11, 2007, Value City filed a Motion to Dismiss All Claims (Paper No. 48),

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim.

## STANDARD OF REVIEW

Defendant seeks to dismiss Plaintiffs' action pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure.  In reviewing the complaint, the court accepts all well-pleaded

allegations of the complaint as true and construes the facts and reasonable inferences derived

therefrom in the light most favorable to the plaintiff.  *Venkatraman v. REI Sys., Inc.*, 417 F.3d

418, 420 (4th Cir. 2005); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan*

*Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  Rule 8(a)(2) of the Federal Rules of

Civil Procedure requires only a "short and plain statement of the claim showing that the pleader

is entitled to relief."  *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir.

2001); *see also, Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint

need only satisfy the "simplified pleading standard" of Rule 8(a)).  The United States Supreme

Court recently noted that a complaint need not assert "detailed factual allegations" but must

contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause

of action."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).  The Court further held

that "once a claim has been stated adequately, it may be supported by showing any set of facts

consistent with the allegations in the complaint."  *Id*. at 1969.  Thus, a complaint need only state

"enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

**DISCUSSION**

Value City argues that all three Counts against it should be dismissed. As to Counts I and III, Value City argues that Huezo was not its employee, but merely an independent contractor. Relying on this argument, Value City contends that the vicarious liability theory in Count I cannot reach Value City. Similarly, Value City argues that Count III's claim of negligent hiring, retention, and supervision of Huezo must fail because Huezo was not a Value City employee and thus never hired, retained, or supervised Huezo. Concerning Count II's claim of negligent hiring and retention of A-Plus, Value City characterizes Plaintiffs' claim as based on a non-existent private right of action under the Federal Motor Carrier Safety Act ("FMCSA"), 49 U.S.C. § 14704(a)(2).

**A.     Counts I & III**

As to Counts I and III, Value City contends that Plaintiffs have alleged no facts tending to show that Huezo was actually an employee of Value City rather than an independent contractor. This Court finds that Plaintiffs have alleged facts sufficient to survive a Rule 12(b)(6) motion. As this Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332, the substantive law of the State of Maryland applies. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Maryland has adopted the rule of *lex loci delicti*, pursuant to which "the substantive law is determined by the place of wrong" in tort cases. *Black v. Leatherwood Motor Coach Corp.*, 606 A.2d 295, 300 (Md. Ct. Spec. App. 1992), *cert. denied*, 612 A.2d 257 (Md. 1992), (citing *Jacobs v. Adams*, 505 A.2d 930 (Md. Ct. Spec. App. 1986)). As the collision occurred in Maryland, this state's tort law applies.

Under Maryland law, "an employer is vicariously liable for the tortious conduct of an employee when the employee is acting within the scope of the employer-employee relationship." *Kersten v. Van Grack, Axelson & Williamowsky, P.C.*, 608 A.2d 1270, 1272 (Md. Ct. Spec. App. 1992). This is qualified by the general rule that an employer of an independent contractor is not vicariously liable for the conduct of the contractor. *Id*. An independent contractor is "one who contracts to perform a certain work for another according to his own means and methods, free from control of his employer in all details connected with the performance of the work except as to its product or result." *Id*. (quoting *Gale v. Greater Wash. Softball Umpires Ass'n*, 311 A.2d 817, 821 (Md. Ct. Spec. App. 1973)). Thus, the crucial question in determining whether an employer-employee relationship exists is "whether the employer has the *right to control and direct the servant in the performance of his work and in the manner in which the work is to be done*." *Id*. (quoting *Gale*, 311 A.2d at 821) (emphasis in original).

In deciding this question, Maryland courts examine five criteria. *Whitehead v. Safway Steel Products, Inc*., 497 A.2d 803, 808 (Md. 1985). These include: "(1) the power to select and hire the employee, (2) the payment of wages, (3) the power to discharge, (4) the power to control the employee's conduct, and (5) whether the work is part of the regular business of the employer." *Id*. (citing *Mackall v. Zayre Corp.*, 443 A.2d 98, 103 (Md. 1982)). Of the five factors, the Maryland Court of Appeals has observed that "the factor of control stands out as the most important." *Id*.; *see also, Schweizer v. Keating*, 150 F. Supp. 2d 830, 839 (D. Md. 2001) (emphasizing control as the critical element in determining whether an agent is a servant for purposes of an employer's vicarious liability). "If that right of control is present, the relationship is necessarily one of employment, because it negates the independence or autonomy presumed to

exist with an independent contractor." *L.M.T. Steel Products, Inc. V. Peirson*, 425 A.2d 242,

244 (Md. Ct. Spec. App. 1981).  In other words:

> To have an employment relationship, the 'employer' must have some
> ability, should he care to exercise it, to tell the 'employee' what to do
> and how and when to do it.  If there is not this minimal power of
> control-if the worker's agreement is to perform the work 'according
> to his own means and methods free from control of his employer in
> all details connected with the performance of the work except as to
> its product or result'-the worker is deemed to be an independent
> contractor and not an employee/servant.

*Id*. (quoting *Williams Construction Co. v. Bohlen*, 56 A.2d 694, 696 (Md. 1948)).

Applying this analysis to the facts asserted in the Complaint, Plaintiffs have alleged

sufficient facts to state a claim of vicarious liability against Value City.  Specifically, Plaintiffs

allege the following facts: that Value City directed meaningful aspects of Huezo's employment,

such as instruction on how to assemble the furniture he was delivering, including the equipment

and tools to be used; that Huezo was driving the truck with the knowledge, approval, and

acquiescence of Value City; that Value City interacted with Huezo at the time he loaded the

truck with Value City furniture; that Value City detailed his delivery itinerary; that the truck in

question was used solely for the purpose of transporting Value City furniture; and that the truck

was stored at Value City's warehouse in Virginia when not in use, allegedly demonstrating

Value City's control over the vehicle.[6]  (Compl. ¶¶ 24 & 29.)  In particular, the assertion that

Huezo was instructed by Value City on how to assemble the furniture he was delivering alleges

_____

[6] Plaintiffs allege additional facts in their Memorandum in Opposition to the Motion to
Dismiss (Paper No. 56).  Because the Court need not rely on these allegations to decide the
Motion, because considering the extrinsic documents attached to that Memorandum would
require conversion of the Motion to Dismiss into a Motion for Summary Judgment, and because
neither party has indicated that such conversion is appropriate or desirable, this Court does not
consider those additional facts, or exhibits, in deciding the Motion to Dismiss.

that he was not free from Value City's control in all details connected with the performance of his work outside of its final product or result.

Value City relies on this Court's opinion in *Schramm v. Foster*, 341 F. Supp. 2d 536 (D. Md. 2004), which it argues is analogous to the facts of this case. In *Schramm*, a shipping broker was sued for negligence based on his failure to adequately screen a trucking company that subsequently caused an accident. *Id*. at 541. This Court found that the broker did not exert control over the trucking company or its driver. *Id*. at 544. While factually similar, *Schramm* can be distinguished from the matter presently before this Court on a number of points. Most importantly, the *Schramm* opinion was based on certain facts derived from a period of discovery after which this Court addressed competing motions for summary judgment. *Id*. at 540. Such is not the case here where a motion to dismiss is under consideration and the decision must be based on the facts asserted in the Complaint, in the light most favorable to the Plaintiffs. *See, e.g., Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005). Additionally, the relationships at issue in *Schramm* were different from the relationships at issue here. Finally, Plaintiffs have alleged far more control exerted by Value City over Huezo than was alleged of the broker in *Schramm*. In short, Plaintiffs have alleged facts tending to show that Huezo was under Value City's control as an employee rather than as an independent contractor.

Having found that Plaintiffs have pled facts tending to show that Huezo was an employee of Value City for purposes of vicarious liability regarding Count I, the Court concludes that the same facts support Plaintiffs' claim of negligent hiring of Huezo in Count III. Count III is further supported by Plaintiffs' allegations that Huezo was not qualified or licensed to drive the truck, which could tend to show that Value City was negligent in allowing him to operate the

truck.  (Compl. ¶¶ 25-26, 51.)  These allegations must await a period of discovery in order to

determine whether there are genuine issues of material fact which should proceed to trial.

Accordingly, Value City's Motion to Dismiss Counts I and III is DENIED.

**B.      Count II**

Value City argues that allowing the claim in Count II, negligent hiring and retention of

A-Plus, to go forward would be "tantamount to permitting a private cause of action under the

[Federal Motor Carrier Safety Act]."  (Value City's Mem. Supp. Mot. Dismiss 7.)  This Court

disagrees; Plaintiffs' cause of action is not grounded in a statutory breach, but rather on a

common law theory of negligence in Value City's hiring of A-Plus.

The State of Maryland recognizes a common law tort based on negligence in hiring an

independent contractor.  *Schramm*, 341 F. Supp. 2d. at 551 (citing *Rowley v. Mayor and City of*

*Council of Baltimore*, 505 A.2d 494, 497 (Md. 1986)).  In order to establish such a claim, a

plaintiff must show that an employer reasonably knew or should have known that the

independent contractor was capable of inflicting harm of some type, that the employer failed to

use proper care in selecting and retaining the independent contractor, and that the employer's

breach was a proximate cause of the tort alleged.  *Bryant v. Better Bus. Bureau of Greater Md.,*

*Inc.*, 923 F. Supp. 720, 751 (D. Md. 1996); *see also Braxton v. Domino's Pizza LLC*, No. RDB

06-1191, 2006 WL 3780894, at *4 (D. Md. Dec. 21, 2006).  *Schramm* provides further guidance

in connection with independent contractors that are motor carriers:

> This duty to use reasonable care in the selection of carriers includes,
> at least, the subsidiary duties (1) to check the safety statistics and
> evaluations of the carriers with whom it contracts available on the
> SafeStat database maintained by FMSCA, and (2) to maintain
> internal records of the persons with whom it contracts to assure that
> they are not manipulating their business practices in order to avoid

unsatisfactory SafeStat ratings.

341 F. Supp. 2d. at 551.

Plaintiffs have alleged that not only did Value City have a common law duty to inquire about A-Plus's suitability as a carrier, but also that it was Value City's corporate policy to do so (Compl. ¶ 41).  This supports the notion that Value City knew its independent trucking contractors were capable of inflicting harm.  Plaintiffs allege that, had Value City taken reasonable steps to investigate, it would have discovered that A-Plus was not a registered interstate motor carrier nor was it adequately insured and its negligent failure to do so resulted in Dreu Bowman's death.  (Compl. ¶¶ 42, 45.)

Value City mischaracterizes Plaintiffs' claim as relying "solely" on a statutory breach by A-Plus.  (Value City's Mem. Supp. Mot. Dismiss 7.)  Maryland courts have held that the "violation of a statutory duty may furnish evidence of negligence." *Bentley v. Carroll,* 734 A.2d 697, 705 (Md. 1999).  However, any violations of federal law with respect to A-Plus could be merely evidence of Value City's failure to exercise due care in hiring an interstate motor carrier.  The alleged violations are not the basis of the cause of action itself.  In conjunction with the claim that Value City violated its own policy in failing to inquire as to A-Plus's suitability, Plaintiffs have successfully stated a cognizable claim.

Value City further contends that "[i]nsurance and registration are technical, legal requirements that do not affect whether or not A-Plus is competent to ship goods."  (Value City's Reply 5.)  The Defendant argues that A-Plus could still possess the knowledge, skill, and experience to satisfactorily perform the job it contracted to do, citing the Second Restatement of Torts § 411, comment (a), for support.  That comment states:

10

> The words "competent and careful contractor" denote a contractor who possesses the knowledge, skill, experience, and available equipment which a reasonable man would realize that a contractor must have in order to do the work which he is employed to do without creating unreasonable risk of injury to others, and who also possesses the personal characteristics which are equally necessary.

Restatement (Second) Torts § 411 cmt. a (1965).  The argument that a interstate motor carrier not in compliance with basic statutory requirements still possesses the knowledge, skill, and experience of a "reasonable man"is unsupportable.

Value City also contends that Plaintiffs failed to allege that the negligent hiring of A-Plus was the proximate cause of the accident that took Dreu Bowman's life.  (Value City's Reply 5-6.)  Value City argues that without an allegation that failing to check on A-Plus' registration and insurance was the proximate cause of Plaintiffs' injury, Count II fails to state a claim.  As noted above, it is not this failure alone which is the proximate cause of Plaintiffs' injury, but rather the failure provides evidence in support of the claim that the negligent hiring of A-Plus was a proximate cause of Plaintiffs' injury, which is clearly pled in the Complaint.  (Compl. ¶ 45.)

As Plaintiffs have alleged facts tending to show that Value City breached its duty to exercise reasonable care in hiring A-Plus as an independent contractor, the Motion to Dismiss Count II must be DENIED.  As with the allegation in Counts I and III, the allegations contained in Count II must await a period of discovery to determine whether there are genuine issues of material fact to proceed to trial.

### CONCLUSION

For the foregoing reasons, the Motion to Dismiss filed by Defendants American Signatures, Inc. and Schottenstein Stores Corp. ("Value City"), is hereby DENIED.  A separate Order follows.

/s/

Richard D. Bennett

Date: December 20, 2007                     United States District Judge